# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES A. SUTTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-23-951-G |
| | ) |
| **STATE OF OKLAHOMA, ex rel.,** | ) |
| **OKLAHOMA DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Now before the Court is a Motion to Remand (Doc. No. 6), filed by Plaintiff James A. Sutton. The removing party, Defendant Oklahoma Department of Corrections, has submitted a Response (Doc. No. 14).

> A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a). However, a federal court must remand a removed action back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and "there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

*Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

Plaintiff originally filed his Petition in the District Court of Oklahoma County, Oklahoma on September 26, 2023, asserting claims for "wrongful discharge." *See* Pet. (Doc. No. 1-1). Defendant then timely removed to federal court, *see* Notice (Doc. No. 1), asserting that federal jurisdiction exists over this action pursuant to 28 U.S.C. § 1331. *See id.* at 1-3. In its Notice, Defendant states that while Plaintiff does not explicitly identify a

federal statute in his pleading, "Plaintiff's claims . . . may involve claims under federal statutes and the U.S. Constitution." *Id.* at 2.

In his Motion to Remand, Plaintiff argues that Defendant's Notice of Removal does not adequately establish that removal is proper here, in other words, that Defendant has not established that this case involves a federal question. *See* Pl.'s Mot. (Doc. No. 6) at 5-6. Defendant's Response concedes that remand is appropriate in this case. *See* Def.'s Resp. (Doc. No. 14) at 3. Specifically, Defendant states that "[i]n light of Plaintiff's overly vague allegations of wrongful discharge, his failure to provide a factual or legal basis for his claim, and his inability to identify the law upon which he relies, remand appears appropriate at this time, due to lack of any specificity relating to a possible federal claim." *Id.* at 2.

Having reviewed the relevant filings, including the Notice of Removal and Plaintiff's Petition, the Court agrees with the parties that the Petition does not, on its face, plead a plausible federal claim. Accordingly, the Court lacks jurisdiction over this action, and Plaintiff's unopposed Motion to Remand will be granted. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons set forth above, the Court:

(1)  concludes that this action does not involve a federal question as required to establish jurisdiction under 28 U.S.C. § 1331 and, therefore, GRANTS Plaintiffs' Motion to Remand (Doc. No. 6);

(2)  DENIES AS MOOT the Defendant's pending Motion to Dismiss (Doc. No. 13) because the Court lacks subject-matter jurisdiction over this action;

(3)   REMANDS this matter to the District Court of Oklahoma County, Oklahoma; and

(4)   DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 12th day of August, 2024.

_____
CHARLES B. GOODWIN
United States District Judge